# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | 2: 09-cr-00325-14 |
| v. ) | |
| ) | |
| FRANCO BADINI ) | |

## MEMORANDUM OPINION AND ORDER OF COURT

Presently pending before the Court is the MOTION TO VACATE filed by Defendant Franco Badini (Document No. 840) and the RESPONSE in opposition filed by the government (Document No. 846). After careful review of the submissions from the parties, as well as the applicable case law, the Motion will be denied.

### Procedural Background

On December 9, 2009, a federal grand jury sitting in the Western District of Pennsylvania returned an eight-count indictment against defendant David Curran and twelve co-defendants. At that time, Defendant Franco Badini was not indicted.

On March 30, 2010, a federal grand jury in the Western District of Pennsylvania returned a superseding indictment, in which Defendant Badini was charged in Court I of the superseding indictment, along with David Curran and thirteen other co-conspirators, with Conspiracy to Distribute and Possess with Intent to Distribute 5 Kilograms or More of Cocaine, a Schedule II Controlled Substance, in violation of 21 U.S.C. § 846, occurring from in or around January 2009 to on or about November 2009. According to the Superseding Indictment Memorandum, a conviction of Count I would result in a term of imprisonment of not less than ten (10) years to a maximum of life.

On July 29, 2011, the government filed an Information Stating Prior Convictions Pursuant to Title 21, United States Code, Section 851, which stated that Defendant had a prior felony drug conviction for possession with intent to deliver a controlled substance in violation of 35 P.S. § 780-113(a)(30). A certified copy of the Judgment of Conviction reflects that the conviction occurred in Allegheny County Court of Common Pleas on or about April 18, 1994. As a result of his prior conviction, the recidivist sentencing provisions set forth in Title 21, United States Code, Sections 841 and 846 apply. Accordingly, a conviction of Count I of the Superseding Indictment results in a term of imprisonment of not less than twenty (20) years to a maximum of life

On August 8, 2011, voir dire and jury selection commenced in the trial against Defendant Badini and a co-conspirator, Bradley Barndt. The jury trial commenced on August 9, 2011. On August 16, 2011, the jury found both co-Defendants Badini and Barndt guilty of Count 1.

In the instant motion, Defendant argues that the government's plea bargaining tactics violated the Sixth Amendment and the due process guarantee of the United States Constitution. As relief, Defendant Badini requests the Court to vacate his conviction or alternatively, to strike the section 851 Information.

### Plea Negotiations

In May 2010, approximately two months after the Superseding Indictment had been filed, Defendant and his counsel engaged in a proffer session with the Assistant United States Attorney and case agent investigators assigned to this prosecution. Apparently, Defendant offered to waive trial and plead guilty to the ten-year mandatory sentence. During the proffer session, Defendant declined to discuss the alleged criminal activity of a certain person(s). Therefore, in the view of the government, the proffer session was "completely unproductive."

On January 29, 2011, the Assistant U.S. Attorney inquired via email whether Defendant would be willing to be plead guilty pursuant to a plea agreement with a provision stipulating a fifteen (15) year prison term. In that same email, the government advised Defendant that the government would file a section 851 Information if Defendant rejected the offer. On February 15, 2011, defense counsel responded that Defendant was not willing to plead guilty if it would result in a 15-year prison term. At that point, negotiations came to an end and no actual 15-year plea offer letter was ever extended to Defendant.

On July 29, 2011, ten days before trial commenced, the government filed the section 851 Information.

## Discussion

In the instant motion, Defendant argues "that the government's plea bargaining tactics denied him both the due process of law (sentencing consistent with the judicial mandate under section 3553) and his Sixth Amendment right to a fair trial (fair dealing in plea negotiations)." Mot. at ¶ 39. Defendant requests that his conviction be vacated or, alternatively, that the section 851 Information be stricken. The government responds that Defendant's motion is legally unsupported and lacks merit and should, therefore, be denied.

Defendant asserts that the government's decision to file the section 851 Information after unsuccessful plea negotiations constitutes vindictive prosecution. The United States Supreme Court has held that "to punish a person because he has done what the law clearly allows him to do is a due process violation of the most basic part." *Bordenkircher v. Hayes*, 434 U.S. 357, 363 (1978). However, the Supreme Court also clarified that "in the 'give-and-take' of plea bargaining, there is no such element of punishment so long as the accused is free to accept or reject the prosecution's offer." *Id.* The Supreme Court reiterated that "[w]hile confronting a

defendant with the risk of more severe punishment clearly may have a 'discouraging effect on the defendant's assertion of trial rights, the imposition of these difficult choices [is] an inevitable' - and permissible - 'attribute of any legitimate system which tolerates and encourages the negotiation of pleas.' " *Id.* at 364 (internal citations omitted). Further, the Supreme Court has declined to adopt a presumption of vindictiveness when the government seeks to enhance a defendant's sentence in response to a defendant's decision to proceed to trial. *United States v. Goodwin*, 457 U.S. 368, 384 (1982). *See also United States v. Oliver*, 787 F.2d 124, 126 (3d Cir. 1986) (there is no presumption of vindictiveness where the defendant makes a free, informed decision not to cooperate and the decision to prosecute is "based upon the usual determinative factors.")

Without a presumption of vindictiveness, a defendant can establish a violation of his due process rights only by demonstrating actual vindictiveness. *See United States v. Esposito*, 968 F.2d 300, 306-07 (3d Cir. 1992) ("where a prosecutor's conduct is equally attributable to legitimate reasons, a defendant must show actual vindictiveness for a presumption will not apply.") Acknowledging that the presumption of vindictiveness does not apply in this case, Defendant Badini argues that he is entitled to relief based on actual vindictiveness. According to Defendant, the government filed the section 851 Information, not for any good reasons, but rather to punish Defendant Badini for refusing to appear as a government witness. Mot. at ¶ 55. The Court finds that Defendant Badini has failed to establish a prima facie case for actual vindictiveness.

Defendant's argument that the government threatened to file a sentence enhancement during plea negotiations is foreclosed by *Bordenkircher*. In that case, the Supreme Court faced identical circumstances where a prosecutor added recidivist charges after a defendant refused to

4

accept a plea bargain. *Bordenkircher*, 434 U.S. at 364-65. The Supreme Court specifically held that the government is entitled to induce a plea bargain by promising to reduce charges already filed or by threatening a greater penalty upon conviction after trial. *Id.* at 363. Defendant Badini has not alleged that the government's decision was based on improper standards such as race, religion, or other arbitrary classification. *See Bordenkircher*, 434 U.S. at 364.

Defendant also seems to suggest that a sentence enhancement of 10 years for an 18-year old conviction for possession with intent to deliver less than one ounce of cocaine is unreasonable and suggests a vindictive motive. However, the United States Attorneys Manual requires the government to file a section 851 sentence enhancement in all cases where a plea agreement is not reached. Section 9-27.300 of the United States Attorneys Manual states in pertinent part, as follows:

> Current drug laws provide for increased maximum, and in some cases minimum, penalties for many offenses on the basis of a defendant's prior criminal convictions. See, e.g., 21 U.S.C. §§ 841(b)(1)(A),(B), and (c), 848(a), 960(b)(1)(2), and (3), and 962. However, a court may not impose such an increased penalty unless the United States Attorney has filed an information with the court, before trial or before entry of a guilty plea, setting forth the previous convictions to be relied upon 21 U.S.C. § 851. (sic)
>
> Every prosecutor should regard the filing of an information under 21 U.S.C. § 851 concerning prior convictions as equivalent to the filing of charges. Just as a prosecutor must file a readily provable charge, he or she **must file** an information under 21 U.S.C. § 851 regarding prior convictions that are readily provable and that are known to the prosecutor prior to the beginning of trial or entry of plea. The only exceptions to this requirement are where: (1) the failure to file or the dismiss of such pleadings would not affect the applicable guideline range from which the sentence may be imposed; or (2) in the context of a negotiated plea, the United States Attorney, . . ., has approved the negotiated agreement. . . . The permissible agreements within this context include: (1) not filing an enhancement; (2) filing an enhancement which does not allege all relevant prior convictions, thereby only partially enhancing a defendant's potential sentence; and (3) dismissing a previously filed enhancement.

5

United States Attorney Manual, § 9-27.300 - Selecting Charges - Charging Most Serious Offenses (emphasis added), www.justice.gov/usao/eousa/foia_reading_room/usam/.

While the Court agrees that there is a significant disparity between the sentence for the original conviction and the sentence enhancement, the Court is not able to find, especially in light of this policy, that the government's decision to file the section 851 Information was unreasonable or vindictive.

During the plea negotiations and at the time of trial, the government believed that Defendant had a prior felony drug conviction. Such a conviction would subject Defendant to a 20-year mandatory sentence. Accordingly, the government was free to use that information as a bargaining chip during plea negotiations. While the threat of a sentence enhancement undoubtedly impacted the dynamics of the plea negotiations, the Court finds that Defendant Badini has produced no evidence which suggests that the threat or subsequent filing of the section 851 Information was vindictive.

Defendant also argues that the filing of the section 851 Information violates the Sixth Amendment and the due process guarantee in that it amounts to an unlawful attempt to circumvent the decisions of the United States Supreme Court, specifically *Booker* and its progeny. The Court finds Defendant's argument to be without merit. Defendant cites liberally to a variety of cases. However, no case he cites supports the conclusion that the filing of the section 851 Information violated his Sixth Amendment and/or due process rights. Defendant relies primarily on the sentencing principles of landmark sentencing cases handed down by the Supreme Court - *United States v. Booker*, 543 U.S. 220 (2005), *Rita v United States*, 551 U.S. 338 (2007); *Gall v. United States*, 552 U.S. 38 (2007), and *Kimbrough v. United States*, 552 U.S. 85 (2007) . The rules announced in these cases, however, do not provide any basis for relief

since Defendant Badini's sentence will be determined by statutory mandate, rather than the United States sentencing guidelines. Defendant retains the right to raise this issue on appeal.

For all these reasons, Defendant's Motion to Vacate will be denied. An appropriate Order follows.

McVerry, J.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| | ) | 2: 09-cr-00325-14 |
| v. | ) | |
| | ) | |
| FRANCO BADINI | ) | |

## ORDER OF COURT

**AND NOW**, this 9th day of January, 2012, in accordance with the foregoing Memorandum Opinion, is it hereby **ORDERED, ADJUDGED AND DECREED** that the Motion to Vacate (Document No. 840) filed by Defendant Franco Badini is **DENIED.**

Defendant shall appear in this Court for Sentencing on **Tuesday, January 24, 2012 at 9:30 A.M**.

                                        BY THE COURT:

                                        s/ Terrence F. McVerry
                                        United States District Court Judge

cc:    Craig W. Haller**,**
       Assistant U.S. Attorney
       Email: craig.haller@usdoj.gov

       Lee M. Rothman, Esquire
       Email: DifenderferRothmanHaber@yahoo.com

       Terrell Lewis,
       U.S. Probation Officer