IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | ) | |
| --- | --- | --- |
| | ) | 2:09-cr-325 |
| v. | ) | 2:14-cv-1422 |
| | ) | |
| FRANCO BADINI, | ) | |
| Defendant. | ) | |
| | ) | |

# MEMORANDUM OPINION

Pending before the Court is the MOTION FOR RECONSIDERATION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 59(e) filed, *pro se*, by Franco Badini on March 20, 2015. ECF No. 995. After the government filed a response in opposition to the motion, Badini filed a motion for an extension of time to file a reply brief. ECF Nos. 997, 998. The Court granted the motion. ECF No. 999. By letter dated April 9, 2015, Badini sought an additional 30 days within which to file a reply and also requested that the Court order the government to turn over certain documents, viz. a copy of the August 4, 2011, e-mail from the government to Badini's trial counsel, along with the attached transcripts, and copies of the sealing orders associated with the phones that were wiretapped as part of the underlying investigation into this case. ECF No. 1000. The government responded by consenting to an additional 30-day extension of time and agreeing to send Badini a hard copy of the aforementioned e-mail and the sealing applications and orders. ECF No. 1002. On May 19, 2015, Badini filed a reply brief. ECF No. 1007. Accordingly, his motion for reconsideration is finally ripe for disposition.

**I.     Background**

In his original § 2255 motion, Badini asserted several distinct grounds for relief, with several related subparts. First, he contended that his counsel was ineffective for (1) failing to suppress inadmissible wiretap evidence, (2) failing to request a *Starks* hearing to contest the

1

authenticity and accuracy of the wiretap recordings and transcripts, (3) failing to properly object to the government's use of the § 851 enhancement, (4) failing to object to alleged witness vouching during the AUSA's closing argument, (5) performing under a conflict of interest, and (6) failing to request a buyer-seller instruction. Second, he alleged that the government violated its obligations under *Brady* and *Giglio*. Third, he raised several challenges to the government's filing of a § 851 information. Fourth and finally, he argued that this Court erred in admitting evidence under Rule 404(b) without first conducting a Rule 403 balancing test on the record.

In a Memorandum Opinion dated January 13, 2015, the Court considered each of these contentions and determined that they were without merit. ECF No. 987. Thus, the Court denied Badini's motion and did not issue a certificate of appealability. A copy of the Memorandum Opinion and Order of January 13, 2015, was sent to Badini at his prison address via First Class U.S. Mail.

After the Court entered its Order but before Badini had received a copy of it, Badini attempted to file a reply brief, addressing the arguments raised in the government's response. ECF No. 988. According to Badini, he finally received a copy of the Court's Memorandum Opinion and Order denying his § 2255 motion on February 3, 2015. ECF No. 989. By that time, however, the window for filing a motion for reconsideration of the Court's Order or a notice of appeal / request for certificate of appealability had all but expired. *Id.* Thus, Badini requested a 30-day extension of time to file a motion for reconsideration or to file a notice of appeal. *Id.* The government consented to the extension. ECF No. 990. The Court granted Badini's request, giving him until March 19, 2015, to mail whatever filing he wished to present. ECF No. 991. This motion followed.

## II.     Legal Standard

The scope of a motion for reconsideration under Rule 59(e) "is extremely limited." *Blystone v. Horn*, 664 F.3d 397, 416 (3d Cir. 2011) (citation omitted). "Such motions are not to be used as an opportunity to relitigate the case[.]" *Id.* Rather, they are designed to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Cafe ex-rel Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985)). "Accordingly, a judgment may be altered or amended [only] if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Blystone*, 664 F.3d at 416 (internal citation and quotation marks omitted).

## III.    Discussion

In the instant motion, Badini moves this Court to alter or amend its prior judgment on the basis of that which he calls "newly discovered evidence." Def.'s Mot. at 2. In particular, Badini points to three pieces of evidence that were purportedly unavailable to him while his § 2255 motion was pending: (1) "a letter from attorney Samantha Stern from the Federal Public Defender's Office that disclosed there are no 'wiretap sealing orders' in the paper file 'my office maintained in [Badini's] case;'" (2) "documents from his state case as to his alleged guilty plea which impacts his arguments on 851 enhancement,"[1] and (3) "a Court decision in the matter of

---

1.     In particular, Badini points to an "Explanation of Defendant's Rights" form he signed when pleading guilty to the charge that triggered the § 851 enhancement. Ex. D, ECF No. 995-4. In the form, Badini responded "yes" when asked whether he "ever had any physical or mental illness that would affect [his] ability to understand these rights or affect the voluntary nature of [his] plea." Ex. D, ECF No. 995-4. This form, Badini argues, shows that he could not have

U.S. v. Dadanovic, 09-63-ART(2010) that identifies several government witnesses in the case at hand that also testified in the Dadanovic case on the same issues that were before this Court" and whose testimony was allegedly never produced to Badini as required by the Jencks Act. Def.'s Mot. at 2-3. On a related note, Badini argues that "information discovered in the Dadanovich case" indicates that the government constructively possesses Halil Batlak's passport, which is contrary to the position the government took in responding to Badini's § 2255 motion. Def.'s Mot. at 7.

None of this, however, is truly newly discovered evidence. "'[N]ew evidence,' for reconsideration purposes, does not refer to evidence that a party obtains or submits to the court after an adverse ruling. Rather, new evidence in this context means evidence that a party could not earlier submit to the court because that evidence was *not previously available*." *Howard Hess Dental Labs. Inc. v. Dentsply Int'l, Inc.*, 602 F.3d 237, 252 (3d Cir. 2010) (citations omitted) (emphasis added). While Badini may not have actually possessed the purportedly new evidence whenever his § 2255 motion was pending, he has not offered any reason why he could not have obtained it at such time. All of the so-called new evidence existed (or, in the case of the letter from Ms. Stern, could have existed if Badini had reached out sooner). Badini just made no effort to obtain it or present it to the Court until his § 2255 had already been denied. As a result, none of the evidence can "provide the basis for a successful motion for reconsideration."[2] *Blystone*, 664 F.3d at 416 (citation omitted).

Moreover, because Badini did not raise his Jencks Act argument in his § 2255 motion, he

---

known his rights during the December 14, 1993, preliminary hearing, where he waived his right to counsel.

2. Assuming, for the sake of argument, that the attached exhibits do constitute "new evidence," they would add nothing to the claims the Court previously rejected in denying Badini's initial § 2255 motion, for the reasons cogently set forth in the government's response.

4

cannot raise it now through Rule 59(e). The Rule only allows the Court to "reconsider matters that were actually raised before it." *Howard v. U.S.*, 533 F.3d 472, 475 (6th Cir. 2008). It "cannot be used to present new arguments that could have been raised prior to judgment." *Id.*

## III. Conclusion

For the reasons hereinabove stated, the MOTION FOR RECONSIDERATION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 59(e) filed, *pro se*, by Franco Badini will be **DENIED**. An appropriate Order follows.

McVerry, S.J.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | **2:09-cr-325** |
| v. ) | **2:14-cv-1422** |
| ) | |
| FRANCO BADINI, ) | |
|     Defendant. ) | |
| ) | |

## ORDER OF COURT

**AND NOW**, this 21st day of May, 2015, in accordance with the foregoing Memorandum Opinion, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the MOTION FOR RECONSIDERATION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 59(e) (ECF No. 995) filed, *pro se*, by Franco Badini is **DENIED**.

BY THE COURT:

s/ Terrence F. McVerry
Senior United States District Court Judge

cc:     Craig W. Haller, AUSA
        Email: craig.haller@usdoj.gov

        (via CM/ECF)

        Franco Badini,
        Inmate No. 31374068
        Low Security Correctional Institute – Allenwood
        P.O. Box 1000
        White Deer, PA 17887

        (via First Class U.S. Mail)